UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

JOHN DESTIN ALEXANDER,

   Plaintiff,

v.

DEPARTMENT OF THE ARMY, *et al.*,

   Defendants.

Civil Action No. DLB-21-2285

## MEMORANDUM

Plaintiff John Destin Alexander filed a complaint in this Court on September 7, 2021. ECF 1. For reasons stated below, the complaint shall be dismissed.[1]

This Court has the inherent authority to dismiss a complaint *sua sponte* if the allegations are frivolous. *See Mallard v. U.S. Dist. Ct. for S.D. of Iowa*, 490 U.S. 296, 307–08 (1989) (noting court's authority to dismiss frivolous claims "even in the absence of [a] statutory provision"); *Smith v. Kagan*, 616 F. App'x 90 (4th Cir. 2015) (unpublished) (mem.) ("Frivolous complaints are subject to dismissal pursuant to the court's inherent authority, even when the plaintiff has paid the filing fee."); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (unpublished) (same); *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (same); *Smith v. U.S. Dep't of Def.*, No. ELH-21-1836, 2021 WL 3367821, at *1 (D. Md. Aug. 3, 2021); *Ausar-*

---

[1] On September 23, 2021, the Court filed a memorandum of dismissal under 28 U.S.C. § 1915(e)(2)(B)(i), which requires dismissal of frivolous claims when the plaintiff commences an action without prepaying the filing fee. After the memorandum of dismissal was filed, it came to the Court's attention that plaintiff paid the filing fee after filing suit. Although 28 U.S.C. § 1915(e)(2)(B)(i) no longer applies because the filing fee has been paid, the result under the Court's inherent authority is the same.

*El v. Hogan*, No. PJM-19-3040, 2020 WL 1187139, at *1 (D. Md. Mar. 11, 2020). *Cf.* 28 U.S.C. § 1915(e)(2) (requiring screening of complaints and dismissal of frivolous claims when plaintiffs proceed in forma pauperis). A claim "is frivolous where it lacks an arguable basis either in law or in fact," as the "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded by statute on other grounds as noted in Quartey v. Obama*, No. PJM-15-567, 2015 WL 13660492, at *1 (D. Md. Mar. 4, 2015).

Alexander alleges that over the last 30 years, the Department of the Army, U.S. Army Health Services Command, and Walter Reed National Military Medical Center have conspired to harass him and "held [him] in involuntary servitude." ECF 1. He believes defendants are acting in retaliation for grievances he filed at Walter Reed National Military Medical Center, where he worked until 1992. *Id.* at 1, 4. Specifically, he claims defendants illegally surveilled him, followed him on public transportation, implanted medical sensory devices in his ears to monitor him, and "illegally listen[ed] to and redirect[ed] [his] telephone calls." *Id.* at 2–3. He alleges defendants had "nuisance constantly talkative people" and "'false people' hover[] around him" to cause delays and interruptions in his activities. *Id.* Anderson further alleges defendants "alter[ed] . . . sources of public information, including newspapers, magazines and books." *Id.* at 3. He also claims defendants prevented him from obtaining employment and "mock[ed]" him by falsely advertising that there were no job vacancies. *Id.* at 2. In addition, he claims they subjected him to harmful medical and psychological tests. *Id.* at 2–3. In sum, Alexander contends that defendants have conspired with state and local governments and private citizens to spy, stalk, and harass him in all aspects of his private life. *Id.*

These fanciful allegations lack any arguable basis in law or fact. Even when read in the light most favorable to the plaintiff, the complaint fails to provide any non-frivolous information that might lead to a reasonable conclusion that Alexander has some plausible cause of action. Therefore, the complaint shall be dismissed pursuant to this Court's inherent authority. A separate order follows.

<u>September 24, 2021</u>  　　　　　　　　　　　_____
Date　　　　　　　　　　　　　　　　　　　Deborah L. Boardman
　　　　　　　　　　　　　　　　　　　　　United States District Judge